# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYCE ALLEN KOLLMAR,<br><br>　　　　Petitioner,<br><br>　v.<br><br>CALIFORNIA STATE PRISON,<br><br>　　　　Respondent. | Case No. 1:15-cv-00343-SMS<br><br>ORDER DISMISSING THE PETITION FOR FAILURE TO EXHAUST STATE REMEDIES<br><br>(Doc. 1) |

Petitioner Bryce Allen Kollmar is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 12, 2015, Petitioner filed the petition in the Sacramento Division of the Eastern District of California. On March 4, 2015, the petition was transferred to the Fresno Division, which is the proper venue for the petition. The Court has screened the petition and now dismisses it since Petitioner has not exhausted his state remedies.

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases.

On an unspecified date, Petitioner was convicted of robbery and use of a deadly weapon (knife) in Stanislaus County Superior Court. Sentencing was delayed to enable Petitioner to arrange for drug treatment. Despite his expected release for treatment, however, the Superior Court

1

sentenced Petitioner to five years' imprisonment rather than releasing him to a drug treatment program. Despite representing that he would file an appeal on behalf of Petitioner, trial counsel never filed an appeal nor responded to Petitioner's inquiries.

A petitioner who is in state custody and wishes to challenge collaterally his conviction by a federal petition for writ of habeas corpus must first exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity with the state court and gives the state court the initial opportunity to correct the state's constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's legal and factual basis. *Duncan*, 513 U.S. at 365 (legal basis); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 8-9 (1992) (factual basis).

By alleging that his trial counsel failed to prepare and file an appeal as represented, Petitioner concedes that he has not pursued state remedies. Accordingly, the Court must DISMISS the above-captioned petition for failure to exhaust state remedies.

IT IS SO ORDERED.

Dated:   **March 11, 2015**          /s/ Sandra M. Snyder
                                     UNITED STATES MAGISTRATE JUDGE